**MURNANE, Estate of In Re; SPELLMAN, Plaintiff-Appellee, v. KILBOURNE, Exr., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4183.   Decided November 27, 1948.

Wm. Harvey Jones, Columbus, for plaintiff-appellee.

Raymond Kilbourne, Henry L. Scarlett, Columbus, Harrison, Thomas, Spangenberg & Hull, Cleveland, for defendant-appellant.

MONTGOMERY, PJ, of the Fifth District, GUERNSEY and MIDDLETON, JJ, of the Third District sitting by designation, concur.

## OPINION

By THE COURT.

This cause comes into this Court on appeal, on questions of law, from a judgment of the Probate Court of Franklin County, fixing the attorney fees and administrator's compensation to be allowed the administrator on the sale of real estate to pay debts.

The appellant presents one assignment of error, to wit:

The judgment of the Court was so excessive as to be contrary to the manifest weight of the evidence, as to constitute an abuse of discretion.

The Court allowed the administrator the sum of $5720.00 for extraordinary services, and the sum of $1000.00 for legal services rendered by him in the proceedings to sell the real estate.

The Court arrived at the amount of the administrator's compensation by allowing four per cent on the gross sale of the real estate, to wit, $3220.00, and an additional sum of $2500.00 for personal risk assumed by the administrator in the sale of the real estate. The Court attempts to justify the allowance of the additional amount by stating:

"It is noted that when an administrator or executor takes an order of private sale, there is a great responsibility upon him in procuring what he considers to be the best and highest offer for the property. * * * When an administrator assumes that liability and then procures a higher offer it is only fair that he should be fairly compensated. * * * It is the opinion of the court that a fair and reasonable compensation for that additional risk and service is $2500.00."

The record shows that in the proceedings to sell the real estate the administrator obeyed the orders of the Court and acted only on such orders. There is nothing in the record to support the statement that the administrator incurred any personal liability or that by his actions in obeying the orders of the Court, he assumed any personal risk for which he was entitled to be compensated.

The allowance of four per cent on the gross sale was most ample, but this Court cannot say that such a sum is so excessive as to constitute an abuse of discretion. However, the allowance of $2500.00 as compensation for the claimed risk assumed by the administrator is not only contrary to the manifest weight of the evidence, but is not supported by any evidence, and the allowance of such compensation by the Court was clearly an abuse of discretion.

The record is in dispute as to the legal services performed by the administrator and there is no evidence in the record as to the value of these services. In the absence of such evidence, this Court cannot say from the record that the allowance of $1000.00 as attorney fees, is so excessive as to amount to an abuse of discretion.

We are not unmindful of the holding of the Supreme Court in the case of **In re Estate of Johnson, 142 Oh St 49.** However, in the instant case we are not substituting our judgment for that of the lower court in the amount of fees. We are holding that as to one specific item there is no evidence to sustain it.

The error herein set forth requires a modification of the judgment so that the amount allowed the administrator for extraordinary services be limited to and fixed at the sum of $3220.00, and the judgment will be so modified. As modified, judgment affirmed, at costs of appellee, and the cause remanded for execution.

Exceptions saved.

## ON APPLICATION FOR REHEARING

No. 4183. Decided December 9, 1948.

By THE COURT.

Application for rehearing denied.

MONTGOMERY, PJ, of the Fifth District, GUERNSEY and MIDDLETON, JJ, of the Third District, sitting by designation, concur.